UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.

THE INT. BRO. OF ELECTRICAL WORKER
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2005 JUN -3 PM 11: 53

NANCY M.
MAYER-WHITTINGTON
CLERK

FILED

JUN 2 0 2005

NANCY MAYER WHITTINGTON, CLERK

CASE NUMBER   1:05CV01206

JUDGE: Royce C. Lamberth

DECK TYPE: Employment Discrimination

DATE STAMP: 06/20/2005

## COMPLAINT

1. This is an action complaining of retaliation in employment in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. @ 2000e-3 and the D.C. Human Rights Act of 1977 @ 2-1402.61(a).

### Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C.* 2000e-5(f)(1).

3. Plaintiff has exhausted all of his administrative remedies as required by law, in that he timely filed a charge of discrimination with the U.S. Equal Employment Opportunities Commission on November 5, 2004. The Commission issued Plaintiff a "right-to-sue" letter dated March 1, 2005. Plaintiff received the notice on or about March 5, 2005.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. * 1391 (c).

### Parties

5. Plaintiff Elliotte Patrick Coleman is a natural person and a resident of the District of Columbia. Plaintiff complaints of unlawful discrimination in retaliation for exercising his rights according to law. His employment by Potomac Electric Power

Company (Pepco) became effective in October, 1997.

6. Defendant The International Brotherhood of Electrical Workers (IBEW), which is domiciled in the District, is a corporation. Defendant has employed more than 501 employees from October 1997 to present. IBEW Local 1900 represents Pepco's bargaining unit employees.

### Facts

7. In October, 1997 Plaintiff assumed a temporary position as Customer Service Representative (Casual) within Pepco's Customer Operations Division (COD). Shortly thereafter he became a dues paying member of Local 1900.

8. Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunities Commission on July 16, 2002 within which he named Pepco respondent. The Commission issued Plaintiff a "right- to-sue" letter dated January 31, 2003. Plaintiff received the notice on or about February 18, 2003. Plaintiff filed his complaint on May 17, 2003.

9. Subsequent to the filing Local 1900 ceased to properly represent Plaintiff. Local 1900 acted in retaliation as a result of his good faith efforts to complaint about Pepco's harassment.

10. By this retaliation claim, Plaintiff seeks to recover from willful and malicious acts of retaliatory harassment committed by Defendant from July 17, 2002 through March 11, 2004. These acts included, but were not limited to, the following:

   a. it recorded false statements regarding his conduct and work performance;

   b. it denied him due process by refusing to abide by grievance provisions of the Contract Agreement between itself and Local

       1900 of the International Brotherhood of Electrical Workers (Local 1900) the union of which he is a member;

  c.    it "charged" him as reporting late for work while knowing full well that the action was unjustifiable;

  d.    it took wrongfully disciplinary actions against him;

  e.    it stole personal items from his workstation;

  f.    it wrongfully denied him family medical leave;

  g.    it obstructed his efforts to file an internal complaint regarding the harassment;

  h.    it refused to adequately respond to his complaints of harassment;

  i.    it sought to use the threat of termination as a means of coercing him into surrendering his right to express good faith opposition to its acts of discrimination and to oppose wrongful disciplinary actions through the grievance process;

  j.    it terminated his employment for expressing good faith opposition to acts he reasonably believed to be discriminatory.

11.    In particular, Plaintiff complains of acts of harassment which included, but were not limited to, the following:

  a.    on November 4, 2002 Karen West, Supervisor, Customer Operations Division (COD) alleged to have overheard Plaintiff curse at Elayne Sanchez, Customer Service Representative, COD. When questioned, Sanchez denied that the incident occurred.

       Defendant misrepresented the incident within a behavioral diary used to record specifics regarding his performance and conduct;

b. on March 13, 2003 Defendant issued Plaintiff a Written Reminder for allegedly violating its attendance policy while knowing full well that the action was unjustifiable. On March 19, 2003 Local 1900 filed Grievance # 03-31. It significantly obstructed the grievance process by refusing to abide by provisions of the Contract Agreement ("Contract"). Specifically, Article 17 of the Contract specifies that Step 2 grievance meetings are to be held within 9 weeks of the date the grievance is filed. Defendant did not conduct the Step 2 meeting until December 2, 2003 (nearly 9 months later). According to union officials, the union did not agree to the delay. In like manner, it repeatedly obstructed the processing of additional grievances Local 1900 filed on Plaintiff's behalf;

c. on May 27, 2003 it charged him as having reported late to work while knowing full well that the action was unwarranted;

d. on June 12, 2003 it placed him on Decision Making Leave ("DML") which is the last level of discipline prior to termination. It knew that the action was unwarranted. Upon issuing the DML Defendant informed Plaintiff that it would require him to maintain an "fully acceptable" performance rating in all performance categories for the 18 month effective period of the DML or his

4

employment would be terminated. It informed him that his supervisor would provide him an update of his performance each month and that it would require that a union shop steward be present to witness each update. Defendant failed to provide him monthly performance updates for work done for the months of July, August, September and October. In November, 1993 Plaintiff discovered that Defendant had falsified records which stated that it had provided him monthly performance updates that had not taken place. In each falsified entry it alleged to have informed Plaintiff that he was below "fully acceptable" in at lease 1 performance category (see 9a above);

e. on June 12, 2003 Plaintiff witnessed his supervisor remove a letter that he had written to the President of Local 1900 from his workstation;

f. on August 4, 2003 it denied him access to family medical leave while knowing that he was entitled to the leave. On that day, as she had done on previous occasions, his supervisor informed him that she had been ordered to harass him;

g. Plaintiff scheduled a November 26, 2003 appointment with Defendant's Department of Labor Relations to file a complaint of harassment. His supervisor cancelled the appointment in violation of Defendant's corporate policies. He rescheduled the meeting for December 5, 2003 and informed his supervisor. On December 5 he

5

      filed a formal complaint and provided irrefutable evidence to support his claim. When he arrived at his workstation his supervisor alleged that he had not informed her that he would be attending the meeting;

h.   Plaintiff repeatedly complained about the harassment. On each occasion Defendant failed to take appropriate remedial action. For example, on December 5, 2003 he filed a formal complaint of harassment. It refused to adequately respond to the complaint. On or about February 2, 2004 he met with Michael Sullivan, Vice President of Customer Care and formally complained about the harassment. Sullivan refused to respond;

i.   On March 3, 2004 Defendant informed Plaintiff that it proposed to terminate his employment for attending the December 5, 2003. It contended that he attended the meeting to file the complaint without supervisory approval. On March 10, 2004 Local 1900 informed Plaintiff that Defendant had offered to retain him in employment if he agreed to drop all pending grievances. He declined the offer;

On March 11, 2004 Defendant terminated Plaintiff employment by alleging that he had attended the December 5, 2003 meeting without supervisory approval.

### Count One: Retaliation

12.   Plaintiff repeats and realleges ¶¶ 1-19, *supra*, as if fully set forth herein.

13.   Plaintiff took all proper measures to bring to the attention of his superiors and other appropriate personnel his complaints of harassment.

6

14. Defendant's repeated acts of retaliation and harassment against Plaintiff were committed with malice and forethought.

15. Despite those repeated complaints, Defendants and those charged with the implementation of proper personnel policies failed to properly attend to these matters.

16. Plaintiff's charges with the EEOC and complaints to his superiors and other appropriate personnel were conduct protected under provisions of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-3(a), which are incorporated into 42 U.S.C. § 2000e-16.

17. After Plaintiff engaged in said protected activity, his employment was terminated.

18. Those who participated in the harassment and decided to terminate Plaintiff's employment had knowledge of his protected activity. They included the individuals to whom his complaints were addressed.

19. As a direct and proximate result of Defendant's acts of retaliation and harassment, Plaintiff suffered substantial injury.

20. All of the foregoing individual incidents amount to a pattern and practice of violations of the laws of the United States and the District of Columbia prohibiting retaliation against employees exercising their statutory rights to protest discrimination and harassment in employment.

WHEREFORE, Plaintiff Elliotte Patrick Coleman demands judgement against Defendant Potomac Electric Power Company for compensatory damages in the amount of Three Hundred Thousand Dollars ($300,000.00) or an amount that the Court would deem just and equitable.

WHEREFORE, Plaintiff Elliotte Patrick Coleman demands judgement against Defendant Potomac Electric Power Company for punitive damages in the amount of Seven Million and Seven Hundred Thousand Dollars ($7,700,000.00) or an amount that the Court would deem just and equitable.

### Prayer for Additional Relief

WHEREFORE, Plaintiff Elliotte Patrick Coleman prays that this Honorable Court:

a. ASSUME jurisdiction over this Action for all purposes;

b. AWARD to him such additional relief as is permitted by law;

c. GRANT him the costs of this Action, including reasonable attorneys' fees; and

d. AWARD such additional relief as to the Court shall appear just and equitable.

Plaintiff respectfully requests trial by jury as to all issues so triable at law including damages.

Respectfully submitted,

*[signature]*

Elliotte P. Coleman

2730 Knox Terrace, S.E.
Washington, D.C. 20020
(202) 889-1683

Dated: June 1, 2005