UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                                              Civil Action No.: 05-1206 (RCL)

THE INT. BRO. OF ELECTRICAL WORKERS
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant The International Brotherhood of Electrical Workers ("IBEW") has moved the Court to dismiss this action with prejudice, arguing that Plaintiff Elliotte Patrick Coleman has failed to state a claim upon which relief may be granted. Its motion is hinged upon its assertion that Plaintiff has sought recourse from the wrong Defendant and that IBEW is not responsible for unlawful acts committed by its affiliate Local 1900 of The International Brotherhood of Electrical Workers ("Local 1900"). Plaintiff agrees that this issue warrants consideration by the Court, however, Defendant has failed to justify the relief it seeks given the circumstances which exist here. Pursuant to Local Rule of Civil Procedure 7.1(b) Plaintiff hereby moves the Court to deny Defendant's motion.

On December 13, 2005 Plaintiff filed an amended complaint by which he sought to recover from unlawful acts committed by Local 1900 exclusively. Although he named IBEW as Defendant, he did not state that IBEW had committed any unlawful act or that it was liable for the acts committed by Local 1900 described therein. Plaintiff named IBEW Defendant because he was lead to believe that IBEW was responsible for responding to the

RECEIVED
FEB 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

charges on behalf of Local 1900. He arrived at this conclusion for a number of reasons which include, but are not limited to, the following:

1. Although Plaintiff clearly stated that he was complaining of unlawful conduct committed by Local 1900 when he filed his charges, the EEOC insisted upon naming IBEW as respondent;

2. IBEW and Local 1900 are affiliated;

3. Local 1900 responded to the EEOC charge(s) of discrimination irrespective of the fact that the EEOC had named IBEW respondent in both. The lead him to reasonably conclude that the affiliation between IBEW and Local 1900 was such that one could answer on behalf of the other.

An examination of the amended complaint clearly demonstrates that Plaintiff never intended on holding IBEW accountable for unlawful acts committed by Local 1900. A dismissal with prejudice is unwarranted and would not serve the interest of justice, particularly when considering that Plaintiff made no effort to advanced a claim against it. As Plaintiff will demonstrate more fully within the accompanying Memorandum of Points and Authorities, the inappropriate actions of a number of parties lead him to name IBEW as Defendant. However, this apparent mishap should not preclude Plaintiff from including IBEW in this action in the future if he determines that an action is warranted.

Defendant presented a number of arguments within its motion, however, its arguments were necessarily "theoretical" in nature and had no real application here because Plaintiff clearly made no effort whatsoever to advance any claim against IBEW. In addition, Plaintiff did not make any statement within the complaint, or attach any document thereto, that would necessarily preclude him from advancing a claim against IBEW in the future.

Plaintiff asserts that an amended complaint would be an effective means of resolving this matter. He has filed a Motion for Leave to Amend the Complaint with the amendment attached. Within the amendment he replaced Defendant IBEW with Defendant

2

Local 1900. He has made no other modifications to the complaint. In the alternative, Plaintiff requests that the Court dismiss the action without prejudice and file the Amended Complaint.

Respectfully submitted

_/s/ Elliotte P. Coleman_
Elliotte Patrick Coleman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                                                         Civil Action No.: 05-1206 (RCL)

THE INT. BRO. OF ELECTRICAL WORKERS
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Background

On or about July 18, 2003 Plaintiff visited the U.S. Equal Employment Opportunities ("EEOC") Washington Field Office to file a charge of discrimination against Local 1900 of The International Brotherhood of Electrical Workers ("Local 1900"). He completed a charge questionnaire within which he identified the respondent as:

> John Coleman
> IBEW Local 1900
> 1300 Merchantile Lane, #200
> Largo, Md 20774

Plaintiff noted that although the EEOC had entered the correct mailing address, it had changed the name of the respondent from IBEW Local 1900 to IBEW when it transposed information from Plaintiff's charge questionnaire to the actual charge of discrimination.[1] The EEOC insisted that IBEW was the proper respondent. See Exhibit A. Ironically, the EEOC forwarded the charge to the address Plaintiff had provided for Local 1900.

---

[1] Plaintiff requested full disclosure of the EEOC's case file under the Freedom of Information Act. The EEOC did not provide a copy of the charge questionnaire.

4

John Coleman, President, Local 1900 responded to the charge by correspondence dated September 4, 2003 irrespective of the fact that the EEOC had clearly named IBEW respondent within the charge. See Exhibit B. The EEOC issued Plaintiff a right to sue letter dated October 17, 2003. He did not exercise the right.

On or about November 4, 2004 Plaintiff visited the EEOC field office to file a second charge of discrimination against Local 1900. As he had done on the previous occasion, he completed a charge questionnaire within which he clearly identified Local 1900 as the respondent. See Exhibit C. He recalled that the EEOC had previously insisted that IBEW was the proper respondent. He opted to address the issue by attaching a supplement, which he had prepared in his own format, to the questionnaire. See Exhibit D. Within the supplement he clearly specified that the complaint was against Local 1900 (see Par. I). During his conversation with EEOC intake personnel, he further emphasized that the complaint was against Local 1900. See Exhibit E.

Again, Plaintiff noted that although the EEOC had entered the correct mailing address, it had changed the name of the respondent from IBEW Local 1900 to IBEW when it transposed information from Plaintiff's charge questionnaire and supplement to the actual charge of discrimination. Again, the EEOC insisted that IBEW was the proper respondent. See Exhibit F.

The EEOC issued Plaintiff a right to sue letter dated March 1, 2005 within which it name IBEW respondent. See Exhibit G.

On or about June 3, 2005 Plaintiff contacted Local 1900 to confirm the proper recipient of the complaint. Judy Potts, Secretary, Local 1900 was unable to provide confirmation. Per Potts, J. Coleman was unavailable to respond to the inquiry. Subsequently, Plaintiff contacted IBEW and spoke with a representative who instructed him to address the complaint to IBEW.

On June 3, 2005 Plaintiff filed a complaint naming IBEW as respondent.

On or about August 18, 2005 Plaintiff received notice that Robert D. Kurnick

5

had been appointed counsel for IBEW. Shortly thereafter, he held a number of brief conversations with Kurnick. Based upon their conversations, Plaintiff had concluded that it was unlikely that Kurnick and he would experience difficulties discussing matters relative to this case.

Plaintiff filed his Amended Complaint on December 13, 2005. Although Kurnick acknowledged receipt of the complaint, he did not express concern that Plaintiff had identified IBEW as Defendant.

## Argument

Defendant has failed to justify its request that the Court dismiss this action with prejudice given the circumstances that exist here. An examination of the exhibits attached herein clearly demonstrate that Plaintiff's objective was to file charges of discrimination against Local 1900 when he visited the EEOC and that he made reasonable effort to meet that end. It is clear that the EEOC insisted upon naming IBEW respondent rather than Local 1900.[2] It is also clear that J. Coleman, President, of Local 1900 responded to the EEOC charge(s) irrespective of the fact that the EEOC had named IBEW respondent.[3] One may argue that Coleman should have contacted the EEOC and requested that it amend the charge. One may argue that he should have forwarded the charges to IBEW. One may argue, as Defendant does within its motion, that the charge(s) did not identify IBEW as respondent. However, the primary points which support Plaintiff's opposition are irrefutable:

1. he is a layman;

2. he depended upon the EEOC, an entity he considers an authority on EEO related issues, to receive and properly process the charges;

3. at the time he filed the EEOC charges, he believed (as Defendant argues within its motion) that he could not advance a claim against

---

[2] Plaintiff did inform the EEOC that he had contacted IBEW and expressed concern regarding Local 1900 prior to filing the charges.
[3] Plaintiff has noted that the EEOC forwarded the charges to Local 1900's physical location. However, this does not justify J. Coleman answering a charge within which IBEW was named as respondent unless by virtue of their affiliation, one was authorized to answer on behalf of the other.

a party not named within the charge;[4]

4. the EEOC named IBEW respondent in both charges;

5. IBEW and Local 1900 were closely affiliated;

6. the manner in which the EEOC processed both charges lead Plaintiff to conclude that IBEW was responsible for responding on behalf of Local 1900;[5]

7. Local 1900's response to the EEOC charge(s) significantly contributed to Plaintiff's conclusion that IBEW and Local 1900 affiliation was such that one was authorized to respond on behalf of the other.

A review of Plaintiff's amended complaint will also demonstrate that Plaintiff never intended on holding IBEW accountable for unlawful acts committed by Local 1900. Rather, he believed that IBEW was responsible for answering the claim on behalf of Local 1900. There are a number of points which support this assertion one being, that although Plaintiff had previously expressed his concern regarding Local 1900's conduct to IBEW, he made no mention of those communications within the complaint. Plaintiff made no statement within the complaint which even suggested that IBEW was either responsible for, guilty of, or aware of any violation of the law.

Local 1900 has a very small administrative staff consisting of approximately 5 full-time employees. Both IBEW and Local 1900 have the same legal counsel. It is not unreasonable to expect that IBEW would lend support to Local 1900, particularly regarding legal matters. However, it is unreasonable to expect the Court to dismiss this claim with prejudice given the circumstances that exist here.

1. <u>Dismissal With Prejudice Would be Inappropriate</u>

Clearly, Plaintiff has not advanced a claim against IBEW. A review of the complaint clearly demonstrates that he made no effort t do so. It appears that he erroneously named IBEW

---

[4] After filing this action, Plaintiff learned that this is not necessarily true.

as Defendant through no fault of his own. However, this incident should not preclude him from advancing claims against IBEW in the future if he determines that an action is warranted.

Although Defendant presented a number of arguments within its motion, the vast majority were necessarily "theoretical" in nature and had no real application here because Plaintiff clearly made no effort whatsoever to advance any claim against IBEW. In addition, Plaintiff did not make any statement within the complaint, or attach any document thereto, that would necessarily preclude him from advancing a claim against IBEW in the future. There was one possible exception.

Defendant argued that Plaintiff is necessarily precluded from advancing a Title VII claim against IBEW alleging that he did not file a charge of discrimination against it. Plaintiff disagrees. Plaintiff agrees that a general rule exists which requires an aggrieved party to file a charge with the EEOC against a party prior to initiating a Title VII action against that party. However, courts frequently recognize an exception to this rule. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-06 (7th Cir. 1981). The exception which is frequently termed "identity of interest," permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named within the EEOC charge. *Romain v. Kurek*, 836 F.2d 241, 245-46 (6th Cir. 1987), *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977).

In addition, Plaintiff did mention IBEW when he filed his charges with the EEOC. Contrary to Defendant's assertion, the EEOC clearly named IBEW as respondent in both charges.

2.          <u>Leave to File Amended Complaint Would Be Fitting Solution</u>

An amended complaint would be the most effective means of resolving this matter. Plaintiff has filed a Motion for Leave to Amend the Pleading with the Amended Complaint attached. Within the amended pleading Plaintiff replaced Defendant IBEW with Defendant Local 1900. He has made no other modifications to the complaint. Plaintiff feels that this

resolution would be just for a number of reasons which include, but are not limited to, the following:

1. IBEW and Local 1900 are affiliated;

2. IBEW's current legal counsel also serves as legal counsel for Local 1900;

3. Plaintiff is not responsible for the apparent error made by the EEOC in processing his charges;

4. Local 1900 contributed to the mishaps by responding to EEOC charges within which IBEW was named as respondent;

5. it would disengage IBEW from the action without prejudicing either IBEW, Local 1900 or Plaintiff.

## Conclusion

A motion to dismiss with prejudice is unwarranted and would not serve the interest of justice. An examination of the attached exhibits, Amended Complaint and associated papers clearly demonstrates that Plaintiff never intended on holding IBEW accountable for unlawful acts committed by Local 1900. Rather, he believed that IBEW was responsible for answering the claim on behalf of Local 1900. Plaintiff is not responsible for this mishap and should not be precluded from enjoining IBEW in this action in the future if he determines that the action is warranted.

Although Defendant presented a number of arguments within its motion, the arguments were necessarily "theoretical" in nature and had no real application here because Plaintiff clearly made no effort whatsoever to advance any claim against IBEW. Plaintiff did not make any statement within the complaint, or attach any document thereto, that would necessarily preclude him from advancing a claim against IBEW in the future.

To date, Defendant's counsel and Plaintiff have worked in a spirit of cooperation. This matter could have been resolved by way of a brief telephone call. Plaintiff respectfully requests that the Court accept the attached Amended Complaint as resolution t this matter. In alternative,

9

Plaintiff requests that the Court dismiss the action without prejudice and file the Amended Complaint.

Respectfully submitted

*[signature]*

Elliotte Patrick Coleman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                                        Civil Action No.: 05-1206 (RCL)

THE INT. BRO. OF ELECTRICAL WORKERS
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

### ORDER

Upon consideration of the Opposition to Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that the Motion to Dismiss, and the same hereby is, DENIED.

SO ORDERED THIS _____ DAY OF _____, 2006

_____
The Honorable Royce C. Lamberth
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was served by first-class U.S. mail on this 2nd day of February, 2006 on:

>Robert D. Kurnick
>900 7th Street, NW Suite 1000
>Washington, DC 20001

>Elliotte Patrick Coleman