## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ELLIOTTE PARTICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:05-CV-1206 (RCL) |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF ELECTRICAL WORKERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

### INTRODUCTION

The pro se plaintiff in this case, Elliotte Coleman ("Coleman"), filed his initial complaint in June 2005 and an amended complaint in December 2005. Both named the International Brotherhood of Electrical Workers ("IBEW") as the only defendant. The amended complaint alleged that the IBEW had aided and abetted Coleman's former employer, the Potomac Electric Power Company ("Pepco"), in retaliating against him and that the IBEW had thereby violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, the D.C. Human Rights Act ("DCHRA"), D.C. Code Ann. § 2-1401.01 *et seq.*, the duty of fair representation, and D.C. common law on intentional infliction of emotional distress.

In January 2006, the IBEW filed a motion to dismiss. In that motion, the IBEW argued that the complaint should be dismissed in part because IBEW Local

Union 1900 ("Local 1900"), and not the IBEW, represented Coleman in collective bargaining. The IBEW's supporting memorandum ("IBEW Mem.") also pointed out that Coleman's amended complaint contained numerous other fatal flaws.

Coleman, for example, had not stated a claim under Title VII because Title VII does not provide a cause of action for aiding an abetting others and because he had not alleged that, in the 300 days before he filed his charge of discrimination, the IBEW had taken any adverse employment action against him.[1] (IBEW Mem. at 10-12) Coleman had not stated a claim under the D.C. Human Rights Act because his claim was preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and by the federal duty of fair representation and because he had failed to allege any conduct that could be the basis for a timely aiding and abetting claim under the DCHRA. (IBEW Mem at 12-17, 20 n.9) The fair representation claim was time-barred because, with one exception, all of the conduct alleged took place more than six months before he had filed his complaint, and that one exception did not constitute a breach of the duty of fair representation. (IBEW Mem. at 21-23) And, Coleman's claim for intentional infliction of emotional distress, like his claim under the DCHRA, was preempted by federal law. That claim also failed under D.C. law, because he had not alleged that Pepco had engaged in extreme or outrageous conduct or that the IBEW had provided knowing and substantial assistance to Pepco. (IBEW Mem. at 23-28)

---

[1]    In the District of Columbia, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days. 42 U.S.C. § 2000e-5(c)(1).

Coleman's response to the IBEW's motion does not address any of those flaws. Instead, he has asked the Court to dismiss the IBEW without prejudice and has sought leave to file a second amended complaint naming Local 1900 as the sole defendant. (Plaintiff's Opposition to Defendant's Motion to Dismiss ["Pl's Opp."]) Coleman acknowledges that "[a]lthough he named IBEW as Defendant, he did not state that IBEW had committed any unlawful act or that it was liable for the acts committed by Local 1900." (Pl's Opp. at 1) Although he intended to pursue claims against Local 1900, Coleman states that he "named the IBEW Defendant because he was [led] to believe that IBEW was responsible for responding to the charges on behalf of Local 1900." (Pl's Opp. at 1-2) He places blame for that misunderstanding primarily on the EEOC, which, he says, insisted on naming the IBEW as the respondent to his charge of discrimination, even though he "clearly stated that he was complaining of unlawful conduct committed by Local 1900."[2] (Pl's Opp. at 2)

Coleman agrees that the IBEW should be dismissed, but contends that it should be dismissed without prejudice, arguing that "this apparent mishap should not preclude plaintiff from including IBEW in this action in the future if he determines that an action is warranted." (Pl's Opp. at 2) He also seeks leave to file a second amended complaint that would substitute Local 1900 for the IBEW in the caption, but in all other respects leave the complaint unaltered. (Pl's Opp. at 2-3)

The IBEW's motion should be granted, and the IBEW should be dismissed

---

[2]     As the IBEW pointed out in its opening memorandum, the charge read as a whole shows that Local 1900, and not the IBEW, was the intended respondent. (IBEW Mem. at 6-7)

with prejudice.  Coleman acknowledges that he has not stated a claim against the IBEW.  Because a dismissal for failure to state a claim is a judgment on the merits, and Coleman should be precluded from re-litigating his non-meritorious claims against the IBEW, the claims against the IBEW should be dismissed with prejudice.

Coleman's motion for leave to file a second amended complaint should be denied.  As explained herein, his amendment would be futile because the complaint, as amended, could not survive a motion to dismiss.  For virtually all of the reasons stated in the IBEW's initial memorandum in support of its motion to dismiss, the second amended complaint would also fail to state a claim on which relief could be granted.  Moreover, as Coleman's opposition shows, he is attempting to file an amended complaint – not because he incorrectly stated the defendant's name – but because he chose to sue the wrong defendant.  Such amendments to do relate back to the date of the original pleading.  Many of his claims, even if not untimely when first filed, would be untimely now.

## I.    The Court Should Grant the IBEW's Motion to Dismiss and Dismiss the Claims Against the IBEW with Prejudice.

The IBEW filed a motion to dismiss because Coleman's amended complaint failed to state a cognizable claim against the IBEW.  Coleman now acknowledges that the amended complaint did not state a claim against the IBEW on which relief could be granted.  "Plaintiff made no statement within the complaint which even suggested that IBEW was either responsible for, guilty of, or aware of any violation of the law."  (Memorandum of Points and Authorities in Support of Plaintiff's

Opposition to Defendant's Motion to Dismiss ["Pl's Mem."] at 7)  The IBEW's motion should therefore be granted, and the claims against the IBEW should be dismissed.

That dismissal should be with prejudice.  It is well-established that a dismissal under Rule 12(b)(6) is an adjudication on the merits.  *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ('the failure to state a proper cause of action calls for a judgment on the merits").  A claim that is adjudicated on the merits should be dismissed with prejudice – particularly where, as here, the plaintiff is not seeking leave to supplement or alter his claims against the moving defendant.  *See Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("where it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' [citation omitted] the court's decision to dismiss with prejudice should be upheld").  His claims against the IBEW are non-meritorious and he has no other claims against the IBEW to advance.  Because granting the IBEW's motion would constitute an adjudication on the merits and because Coleman should not be permitted to re-litigate the merits of those claims, they should be dismissed with prejudice.

Coleman argues that the IBEW should be dismissed without prejudice, because his erroneous decision to sue the IBEW rather than Local 1900 "should not preclude him from advancing claims against the IBEW in the future if he determines that an action is warranted."  (Pl's Mem. at 8)  There is, however, no

logic in the proposition that his current claims should be dismissed without prejudice so that he can file different claims at some future date if they are discovered. That argument, if adopted, would preclude the dismissal with prejudice of any claims under any circumstances, since the theoretical possibility that other claims might be discovered in the future would always exist. If Coleman discovers other claims in the future and they are still timely, he can file them. These claims, however, as he acknowledges, have no merit and should be dismissed and dismissed with prejudice.

## II.   The Court Should Deny Coleman's Motion for Leave to File an Amended Complaint Because it would be Futile.

Coleman is seeking leave to file a second amended complaint. That complaint would change the caption, to substitute Local 1900 for the IBEW, but would not otherwise change the body of the complaint itself. [3] Under Federal Rule 15(a), Coleman needs leave of court to amend his complaint a second time. F.R.Civ.P. 15(a). Rule 15(a) provides that such leave "shall be freely given when justice so requires." (*Id.*) Nevertheless, "a motion to amend a complaint should be denied when such an amendment would be futile." *Crist v. Republic of Turkey*, 995 F. Supp. 5, 8 (D.D.C. 1998) (Lamberth, J.). An amendment would be futile if the complaint, as amended, would not survive a motion to dismiss. *Id.*; *National Wrestling Coaches Assoc. v. Department of Education*, 366 F.3d 930, 945 (D.C. Cir. 2004); *World Wide Minerals Ltd. v. Republic of Kazakhstan*, 116 F. Supp. 2d 98, 102

---

[3]   Plaintiff's second amended complaint even leaves unaltered paragraph 6 which describes the IBEW as the defendant in this case.

(D.D.C. 2000) (Lamberth, J.)  Coleman's request should be denied because his complaint, as amended, would not survive a motion to dismiss.

A.    Coleman's Proposed Amendment Would not Relate Back to the Date of His Original Pleading.

Rule 15(c) provides that an amendment that changes the name of a party will relate back only if the newly-named party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."  F.R.Civ.P. 15(c)(3)(B).  Accordingly, such an amendment will relate back only if its purpose is to correct a mistake concerning the identity of the proper party. *Gibson v. Wells Fargo Corp.,* 382 F. Supp. 2d 116, 119 (D.D.C. 2005) (the rule "presupposes that 'the reason for [a defendant] not being named was a mistake of identity.'" [citation omitted])

As the D.C. Circuit explained in *Rendell-Speranza v. Nassim*, 107 F.3d 913 (D.C. Cir. 1997), Rule 15(c) addresses "the problem of a misnamed defendant" – the defendant whose name is stated incorrectly and who is therefore "the beneficiary of a mere slip of the pen, as it were." *Id.* at 918. *See Grigsby v. Johnson*, 1996 U.S. Dist. Lexis 7034 at 16-19 (D.D.C. May 13, 1996) (Rule 15(c) permits relation back "where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued.") (quoting *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993)).  In *Gibson*, for example, a plaintiff who intended to sue her employer, Wells Fargo Home Mortgage, but who mistakenly filed her complaint against the Wells Fargo Corporation, filed an amended complaint correcting the

error.  The amended complaint related back because it was "a case where the right party ha[d] been sued by the wrong name and not where the plaintiff ha[d] named the wrong defendant."  382 F. Supp. 2d at 120.

An amendment does not relate back if its purpose is to add a different defendant whose identity the plaintiff was fully aware of when he filed his suit.  In *Rendell-Speranza*, a plaintiff sued her supervisor for battery and infliction of emotional distress and then sought leave to add her employer when she realized that the employer might be liable for the supervisor's conduct.  The court held that the amendment would not relate back where "the mistake [was] one of judgment rather than a mere misnomer."  107 F.3d at 917-18.  After examining Rule 15 and its Advisory Committee Notes, the court observed that "[n]othing in the Rule or in the Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not its responsibility for the harm alleged." *Id.* at 918.

Similarly, in *Sparshott v. Feld Entertainment, Inc.*, 89 F. Supp. 2d 1 (D.D.C. 2000), a plaintiff who initially sued her employer later added the employer's subsidiary company as a defendant, explaining that she was not initially aware of the precise relationship between the two entities.  Applying *Rendell-Speranza,* the court concluded that the amendment was not one that would relate back, "because, in this circuit, the word 'mistake' is narrowly interpreted to preclude relation back of amendments where a plaintiff was fully aware of the defendant's identity during the limitations period."  *Id.* at 3.

8

There can be no question that Coleman was fully aware of Local 1900's identity before he filed this suit. According to his memorandum in opposition to the IBEW's motion to dismiss, before he filed this suit he twice visited the EEOC intending to file charges of discrimination against Local 1900, each time correctly stating its name and its address in Largo, Maryland. (Pl's Mem. at 4-5) With the second charge, he submitted a supplement to the EEOC's questionnaire in which "he clearly specified that the complaint was against Local 1900." (Pl's Mem. at 5)

Coleman nevertheless chose to sue the IBEW rather than Local 1900. In his first amended complaint (¶ 6), he identified the IBEW and Local 1900 as separate entities. He chose to sue one but not the other because "he believed that IBEW was responsible for answering the claim on behalf of Local 1900." (Pl's Mem. at 7) According to Coleman, that erroneous belief was created primarily by the EEOC, which, he says, named the IBEW, rather than Local 1900, as the respondent to his charges of discrimination. (Pl's Mem. at 4-5)

The purpose of his proposed amendment is thus not to correct the name by which he identified the defendant. It is to add a defendant whose name, address and identity he was well aware of before he filed this suit. Such amendments do not relate back.

B.    Coleman's Proposed Amended Complaint Would Not Survive a Motion to Dismiss.

Coleman's second amended complaint is in substance identical to his first amended complaint. Coleman has changed nothing other than the caption. Not

surprisingly, therefore, the second amended complaint suffers from virtually all of the fatal defects found in the previous complaint. And, since the second amended complaint would not relate back, some of the claims that may not have been untimely when they were first filed, are untimely now.

      1.     *The Second Amended Complaint Does Not State a Claim*
            *for Violation of Title VII of the Civil Rights Act.*

Coleman's second amended complaint ("Cmpl.") alleges that Pepco unlawfully retaliated against him and that Local 1900 violated Title VII by colluding with and aiding an abetting Pepco. (Cmpl. ¶¶ 54, 59) For any of several reasons, those allegations fail to state a claim under Title VII.

Under Title VII, private plaintiffs must initiate a civil action within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The second amended complaint alleges that Coleman received his right to sue letter on March 5, 2004. (Cmpl. ¶ 3) He submitted his initial complaint to the Court exactly ninety days later on June 3, 2005. Since the second amended complaint would not relate back to the date of the original pleading, the Title VII claim set forth in that complaint would be time-barred.

That claim is fatally defective for other reasons as well. As the IBEW explained in its initial memorandum (IBEW Mem. at 10-11), Title VII does not create a cause of action against a union or employer that colludes with or aids and abets another in taking unlawful retaliatory action. *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 889 (D.C. 1998) ("there is no provision in

Title VII proscribing 'aiding or abetting'").  The claim that Local 1900 colluded with or aided and abetted Pepco does not therefore state a cognizable claim under Title VII.

In addition, under Title VII unlawful retaliation consists of an adverse employment action with "materially adverse consequences affecting the terms, conditions or privileges of employment."  *Stewart v. Evans,* 275 F.3d 1126, 1134 (D.C. Cir. 2002)  Like the first amended complaint, the second amended complaint fails to allege that, in the 300 days before Coleman filed his charge of discrimination, the defendant took any action that could be characterized as an adverse employment action.  (IBEW Mem. at 11-12)  The second amended complaint does not therefore state a valid claim under Title VII.

> 2.    *The Second Amended Complaint Does Not State a Claim for Violation of the D.C. Human Rights Act.*

The second amended complaint alleges that Local 1900 violated the D.C., Human Rights Act by, among other things "fail[ing] to enforce provisions of the Contract Agreement between itself and Pepco as it related to the timely processing of grievances."  (Cmpl. ¶¶ 13(c), 26)  That claim is preempted by federal law.

As the IBEW explained in its initial memorandum (IBEW Mem. at 13-16), because the resolution of Coleman's claim under the DCHRA would require the Court to interpret the collective bargaining agreement between Local 1900 and Pepco, that claim is preempted by Section 301 of the Labor Management Relations Act.  *Black v. NFL Players' Association,* 87 F. Supp. 2d 1, 4 (D.D.C. 2000).

The claim is also be preempted by the federal duty of fair representation. As the IBEW explained, the federal duty of fair representation preempts any claim, based on state law, asserting that a union has failed to fulfill a duty owed as a representative to a union-represented employee. (IBEW Mem. at 20-21 n.9) Courts have consistently held that the federal duty of fair representation preempts claims that a union violated state anti-discrimination law by treating a union-represented employee in a discriminatory manner. (IBEW Mem. at 20-21 n.9) Coleman alleges that Local 1900 violated the DCHRA by failing to enforce the collective bargaining agreement and by aiding and abetting Pepco in retaliating against him. Such claims fall within the scope of the federal duty of fair representation and are therefore preempted.

Coleman's DCHRA claim also fails under D.C. law. A claim under the DCHRA must be filed within one year. D.C. Code Ann. 2-1403.16(a). The second amended complaint does not contain any allegation that, in the previous year, Local 1900 engaged in conduct that could be characterized as a violation of the DCHRA. The only allegation regarding conduct within the last year is the averment that in July 2005 Local 1900 refused to respond when Coleman "expressed concern that Defendant had not responded to concerns expressed by him regarding [a] prior arbitration hearing." (Cmpl. ¶ 47) Since Pepco allegedly discharged Coleman in March 2004 (Cmpl. ¶¶ 31-33), Local 1900's mere failure to respond to Coleman's inquiry more than a year later could not be characterized as aiding and abetting

Pepco's alleged retaliation.[4]  (*See* IBEW Mem. at 16-17)

> 3.    *The Second Amended Complaint Does Not State a Claim for Breach of the Duty of Fair Representation.*

Claims for breach of the duty of fair representation must be filed within six months.  *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983).  In its opening memorandum, the IBEW pointed out that, with one exception, all of the events on which Coleman based his fair representation claim took place more than six months before he filed his initial complaint.  Since that one event – the defendant's refusal to respond when Coleman expressed concern in July 2005 about the defendant's failure to respond to his previously-expressed concerns – did not constitute a breach of the duty of fair representation, the second amended complaint did not state a timely fair representation claim.  (IBEW Mem. at 21-23)

Because the second amended complaint would not relate back, a fair representation claim based on an event that took place in July 2005 would now be untimely.  For that additional reason, the fair representation claim in the second amended complaint, which is based entirely on events that transpired more than six months ago, would not survive a motion to dismiss.

> 4.    *The Second Amended Complaint Does Not State a Claim for Intentional Infliction of Emotional Distress.*

The second amended complaint, like the first amended complaint, alleges

---

[4]    As the IBEW argued in its initial memorandum of points and authorities, the first amended complaint also failed to allege a timely violation of the DCHRA. (IBEW Mem. at 16-17)  Accordingly, even if the second amended complaint did relate back, it would still fail to state a timely claim under the DCHRA.

that Pepco intentionally inflicted emotional distress by retaliating against Coleman and that "Defendant aided and abetted Pepco and worked in collusion with it in committing theses acts." (Cmpl. ¶ 65) As the IBEW explained in its initial memorandum in support of its motion to dismiss, this claim is preempted by federal law and fails to state a cognizable claim even under D.C. law.

The claim is preempted by both Section 301 of the Labor Management Relations Act and by the federal duty of fair representation. It is preempted by Section 301 because the allegations – that Pepco inflicted emotional distress by committing various violations of the collective bargaining agreement and that the defendant aided an abetted Pepco by failing to enforce the agreement – would require the Court to interpret that agreement. State law claims that require interpretation of a collective bargaining agreement are preempted. (IBEW Mem. at 24-25) The claim is preempted by the duty of fair representation because it challenges conduct that a union defendant allegedly took, or failed to take, as a bargaining representative and such conduct is governed by the federal duty of fair representation and not by state law. (IBEW Mem. at 20-21 n.9)

Coleman's second amended complaint also fails to state a claim for infliction of emotional distress under D.C. Law. As the IBEW explained (IBEW Mem. at 25-28), he has not alleged that Pepco engaged in conduct that could accurately be characterized as extreme or outrageous, as required by D.C. law, *Kerrigan v. Britches of Georgetowne, Inc.*, 705 A.2d 624 (D.C. 1997), and has not alleged that the defendant provided knowing and substantial assistance to Pepco, *Halberstam v.*

14

*Welch,* 705 F.2d 472, 477 (D.C. Cir. 1983).

The second amended complaint would not, therefore, survive a motion to dismiss. Because the newly-amended complaint would be futile, leave to file it should be denied.

## CONCLUSION

For all the forgoing reasons, and for the reasons stated in the IBEW's initial memorandum in support of its motion to dismiss, the Court dismiss the claims against the IBEW with prejudice and should deny Coleman's motion for leave to file a second amended complaint.

Respectfully submitted,

 /s/ Robert D. Kurnick
Robert D. Kurnick, D.C. Bar No. 243683
Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
900 Seventh Street, N.W., Suit 1000
Washington, D.C. 20001
(202) 785-9300

Attorney for Defendant International
Brotherhood of Electrical Workers

15

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this ninth day of February 2006, I have mailed a copy of the foregoing memorandum of points and authorities to:

Elliotte Patrick Coleman
2730 Knox terrace, S.E.
Washington, D.C. 20020


 /s/ Robert D. Kurnick
Robert D. Kurnick

16