UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                              Civil Action No.: 05-1206 (RCL)

THE INT. BRO. OF ELECTRICAL WORKERS
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

On February 2, 2006 Plaintiff Elliotte Patrick Coleman filed a Request for Leave to Amend Complaint. He sought to remove The International Brotherhood of Electrical Workers ("IBEW") as Defendant in the action and to impart Local 1900 of The International Brotherhood of Electrical Workers ("Local 1900") as Defendant. On February 9, 2006 IBEW's counsel filed its Response in Opposition to Plaintiff's Motion for Leave to Amend on behalf of Local 1900. However, Defendant's counsel has not filed a notice of appearance, or any other paper, which demonstrates that it has been authorized to represent Local 1900. Thus, Defendant's opposition is illegitimate. Plaintiff hereby moves the court to strike the opposition.

Within its opposition Defendant advances arguments that are simply without merit. Although Plaintiff is prepared to soundly refute the pointless arguments advanced by Defendant therein, he has opted not to do so here for a number of reasons which include, but are not limited to, the fact that the unauthorized act of representation of Local 1900 by IBEW's counsel will position Local 1900 to challenge the claim, on that basis, in the future.

Between October, 1997 and March 11, 2004 Pepco continuously retaliated against

RECEIVED
FEB 2 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff for opposing its discriminatory practices. The Union assisted Pepco. Within its motion for summary judgement Defendant moved the court to dismiss this action, with prejudice, by asserting that it had no part in the unlawful conduct. However, Defendant's action here strongly suggests otherwise. Defendant's act, of opposing Plaintiff's motion to amend on behalf of Local 1900, describes the symbiotic nature of the affiliation between IBEW and Local 1900.

The complaint, and the entire record herein, clearly demonstrates that Plaintiff made no effort to advance any claim against IBEW. As he explained fully within his opposition to its motion to dismiss, Plaintiff was compelled to identify IBEW as Defendant because the EEOC identified IBEW as respondent within the right to sue letter it issue him dated March 1, 2005. IBEW and Local 1900 are closely affiliated. Defendant's action here supports Plaintiff's argument that this action should *not* be dismissed with prejudice because it is becoming increasingly apparent that IBEW played a part in the unlawful conduct committed by the Union during this period. A dismissal with prejudice would preclude Plaintiff from advancing claims against IBEW in the future if he determines that it committed unlawful acts during this period.

This issue is not complex. On November 5, 2004 Plaintiff filed a charge of discrimination with the EEOC seeking redress for unlawful acts committed by Local 1900. An issue regarding the identification of the proper Defendant in this case was raised on March 1, 2005 when the EEOC issued Plaintiff a Right to Sue Letter within which it named IBEW as respondent.

The EEOC's action created a dilemma for Plaintiff. If he had filed the claim naming Local 1900 as Defendant, its counsel would have likely moved for summary judgement by arguing that the EEOC did not name Local 1900 as respondent within the Right to Sue Letter.

Within its unauthorized and otherwise illegitimate opposition to Plaintiff's motion to amend, IBEW's counsel suggests that claims advanced against Local 1900 by the proposed amendment would be untimely. Its argument is baseless given the circumstances that exist here. The actions of the EEOC and Local 1900 would have lead any reasonable person to conclude that

2

IBEW's and Local 1900's affiliation was such that one was authorized to respond on behalf of the other. *Local 1900 played a significant part in any misunderstanding regarding the identification of the proper Defendant in this case.* Thus, Defendant's argument that claims within an amendment which imparts Local 1900 as Defendant would be untimely is baseless. Plaintiff should not be prejudices as a result of the EEOC's and Local 1900's actions.

Plaintiff considers the amended complaint an appropriate resolution for a number of reasons which he identifies within the accompanying Memorandum of Points and Authorities. Plaintiff respectfully requests that the Court strike Defendant's opposition and file the Amended Complaint. In the alternative, he requests that the Court provide him a date by which to respond to the arguments raised by Defendant within its motion.

                                            Respectfully submitted,

                                            _____
                                            Elliotte Patrick Coleman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                        Civil Action No.: 05-1206 (RCL)

THE INT. BRO. OF ELECTRICAL WORKERS
900 7TH STREEET, N.W.
WASHINGTON, D.C. 20001
Attn: Edwin Hill

Defendant.

### MEMORANADUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Between October, 1997 and March 11, 2004 Pepco continuously retaliated against Plaintiff for opposing its discriminatory practices. The Union assisted Pepco. Plaintiff visited the EEOC, an entity he considered an authority in Title VII actions, on 2 separate occasions during which he filed charges of discrimination against Local 1900. Although he mentioned IBEW on both occasions, he emphasized that he was complaining of unlawful conduct committed by Local 1900. Against his objection, the EEOC insisted upon identifying IBEW as respondent within both charges.[1] *The record clearly shows that Local 1900 answered the charge although IBEW was the respondent.*[2] These acts of the EEOC and Local 1900 would have lead any reasonable person to conclude that IBEW's and Local 1900's affiliation was such that one was authorized to respond on behalf of the other.

On March 1, 2005 the EEOC issued Plaintiff a Right to Sue Letter within which it named

---

[1] See actual charges in exhibits attached to Plaintiff's Opposition to Defendant's Motion to Dismiss.
[2] See actual response in exhibits attached to Plaintiff's Opposition to Defendant's Motion to Dismiss.

4

IBEW as respondent.[3] At that time Plaintiff believed, as Defendant animatedly argued within its motion for summary judgement, that Plaintiff could not advance a claim against an entity not identified as respondent within the Right to Sue Letter. *See Motion to Dismiss, Memo. Points and Auth. Pg. 8-10.*

On December 13, 2005 Plaintiff filed an amended complaint by which he sought to recover from unlawful acts committed by Local 1900. Although he named IBEW as Defendant, he did not state that IBEW had committed any unlawful act or that it was liable for acts committed by Local 1900 described therein. He named IBEW Defendant because he was lead to believe that it was responsible for responding to the claim on behalf of Local 1900. Months after filing the complaint Plaintiff learned that an exception termed "identity of interest" permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed party and the party named within the EEOC charge. *Romain v. Kurek*, 836 F.2d 241, 245-46 (6th Cir. 1987), *Glus v. G.C. Murphy Co.*, 562 F.2d 880 (3rd Cir. 1977).

On January 11, 2006 Defendant filed its Motion to Dismiss with prejudice. On February 2, 2006 Plaintiff filed an Opposition to Defendant's Motion to Dismiss and a Request For Leave to Amend Complaint. Through his motion, Plaintiff proposed to resolve the matter by filing an amended complaint. Within the amendment he removed IBEW as Defendant and entered Local 1900 as Defendant. In the alternative, he requested that the Court dismiss the action without prejudice and file the Amended Complaint.

On February 9, 2006 Defendant filed its Opposition to Plaintiff's Motion For Leave to Amend on behalf of Local 1900. Defendant's counsel did not attach a notice of appearance or any other document which confirms that it is authorized to represent Local 1900.[4]

---

[3] See actual letter of right to sue attached to Plaintiff's Opposition to Defendant's Motion to Dismiss.
[4] Defendant's counsel verbally informed Plaintiff that he had previously represented Local 1900.

## ARGUMENT

### IBEW's Opposition to Plaintiff's Motion is Illegitimate

On February 9, 2006 IBEW's counsel filed its Response in Opposition to Plaintiff's Motion for Leave to Amend on behalf of Local 1900. However, Defendant's counsel has not filed a notice of appearance, or any other paper, which demonstrates that it has been authorized to represent Local 1900. Thus, Defendant's opposition is illegitimate. Plaintiff hereby moves the court to strike the opposition.

Within its opposition Defendant advances arguments that are simply without merit. Although Plaintiff is prepared to soundly refute the pointless arguments advanced by Defendant therein, he has opted not to do so here for a number of reasons which include, but are not limited to, the fact that the unauthorized act of representation of Local 1900 by IBEW's counsel will position Local 1900 to challenge the claim, on that basis, in the future.

### Local 1900 Acts Significantly Contributed to Question of Proper Defendant

Plaintiff visited the EEOC, an entity he considered an authority in Title VII actions, on 2 separate occasions during which he filed charges of discrimination against Local 1900. Although he mentioned IBEW on both occasions, he emphasized that he was complaining of unlawful conduct committed by Local 1900. Against his objection, the EEOC insisted upon identifying IBEW as respondent within both charges. The record clearly shows that Local 1900 answered the charge although IBEW was the respondent. The actions of the EEOC and Local 1900 would have lead any reasonable person to conclude that IBEW's and Local 1900's affiliation was such that one was authorized to respond on behalf of the other. *Local 1900 played a significant part in any misunderstanding regarding the identification of the proper Defendant in this case.* Thus, Defendant's argument that claims within an amendment which imparts Local 1900 as Defendant in this case would be untimely is ludicrous.

### Dismissal With Prejudice Would Not Serve the Interest of Justice

Between October, 1997 and March 11, 2004 Pepco continuously retaliated against

6

Plaintiff for opposing its discriminatory practices. The Union assisted Pepco. Within its motion for summary judgement Defendant moved the court to dismiss this action, with prejudice, by asserting that it had no part in the unlawful conduct. However, Defendant's action here strongly suggests otherwise. Defendant's act, of opposing Plaintiff's motion to amend on behalf of Local 1900, describes the symbiotic nature of the affiliation between IBEW and Local 1900.

The complaint, and the entire record herein, clearly demonstrates that Plaintiff made no effort to advance any claim against IBEW. As he explained fully within his opposition to its motion to dismiss, Plaintiff was compelled to identify IBEW as Defendant because the EEOC identified IBEW as respondent within the right to sue letter it issue him dated March 1, 2005. IBEW and Local 1900 are closely affiliated. Defendant's action here supports Plaintiff's argument that this action should *not* be dismissed with prejudice because it is becoming increasingly apparent that IBEW played a part in the unlawful conduct committed by the Union during this period. A dismissal with prejudice would preclude Plaintiff from advancing claims against IBEW in the future if he determines that it committed unlawful acts during this period.

### Amended Complaint is Appropriate Resolution

Plaintiff considers the amended complaint an appropriate resolution for a number of reasons which include, but are not limited to, the following:

- A related case, Coleman v. Pepco (CA 050237), is pending before this very court before the same Judge. Both are virtually within the same stage of the litigation process. An amendment will allow them to remain so;

- Plaintiff's financial status has remained the same since filing this action. Therefore, it is likely that the Court would grant him leave to proceed in forma paupris were he required to initiate a completely new civil action;

- An amendment would not preclude Local 1900 from filing a legitimate motion for summary judgement after the Court has filed the amendment;

7

- IBEW and Local 1900 are closely affiliated.

### Conclusion

The complaint, and the entire record herein, clearly demonstrates that Plaintiff made no effort to advance any claim against IBEW. As he explained fully within his opposition to its motion to dismiss, Plaintiff was compelled to identify IBEW as Defendant for a number of reasons which include, but are not limited to, the fact that the EEOC identified IBEW as respondent within the right to sue letter it issue him dated March 1, 2005. Defendant has moved the Court to dismiss the complaint with prejudice. This action would be inappropriate in that Plaintiff obviously made no effort to advance a claim against IBEW. He should be allowed to advance a claim against IBEW in the future if he determines that IBEW played a part in the unlawful acts committed by Local 1900. It is becoming increasingly apparent that it did.

Local 1900 actions significantly contributed to the issue regarding the identification of the proper Defendant in this case. Thus Plaintiff should not be held accountable for this delay in initiating an action against it.

Defendant's counsel has not filed a notice of appearance, or any other paper, which demonstrates that it has been authorized to represent Local 1900. Thus, Defendant's opposition is illegitimate. Plaintiff hereby moves the court to strike the opposition. In the alternative, he requests that the Court provide him a date by which to respond to the arguments raised by Defendant within its motion.

Respectfully submitted,

Elliotte Patrick Coleman

## CERTIFICATE OF SERVICE

I, Elliotte Patrick Coleman, hereby certify that the foregoing Motion to Strike Defendant's Opposition to Plaintiff's Motion For Leave to Amend, and accompanying Memorandum of Points and Authorities, was mailed first class this 23 day of February 2006 to:

Robert D. Kurnick
900 Seventh Street, NW Suite 1000
Washington, DC 20001

Sincerely,

Elliotte P. Coleman
2730 Knox Terrace, S.E.
Washington, D.C. 20020
(202) 714-7961

Date: February 23, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELLIOTTE PATRICK COLEMAN
2730 Knox Terrace, S.E.
Washington, D.C. 20020

Plaintiff,

v.                                                              Civil Action No. 050237(RCL)

POTOMAC ELECTRIC POWER COMPANY
701 9th Street, N.W.
Suite 1100, 10th Floor
Washington, DC 20068

## ORDER

Upon consideration of Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion For Leave to Amend, any response thereto, and the entire record herein, it is hereby

ORDERED that Plaintiff's Motion Be, and the same hereby Is, GRANTED; and it is further

ORDERED that Defendant's Opposition to Plaintiff's Motion For Leave to Amend Be, and the same hereby Is, STRICKEN FROM THE RECORD

SO ORDERED THIS _____ DAY OF _____, 2006.

_____
The Honorable Royce C. Lamberth
United States District Court Judge