**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELLIOTTE PARTICK COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:05-CV-1206 (RCL) |
| INTERNATIONAL BROTHERHOOD ) | |
| OF ELECTRICAL WORKERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

INTRODUCTION

The pro se plaintiff in this case, Elliotte Coleman ("Coleman"), filed a complaint and then an amended complaint, both naming only the International Brotherhood of Electrical Workers ("IBEW") as a defendant. The IBEW filed a Rule 12(b)(6) motion, pointing out that the amended complaint contained several fatal flaws requiring its dismissal. (Defendant IBEW's Motion to Dismiss)  Coleman responded by asking the Court to dismiss the IBEW without prejudice and seeking leave to file a second amended complaint substituting IBEW Local Union 1900 ("Local 1900") for the IBEW in the caption. (Plaintiff's Opposition to Defendant's Motion to Dismiss; Plaintiff's Request for Leave to Amend)

The IBEW opposed Coleman's request for dismissal without prejudice and his

request for leave to file another amended complaint. (Defendant IBEW's Reply in Support of its Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to Amend ("IBEW Reply")) In that opposition the IBEW explained that, since Coleman proposed to change nothing but the caption, the second amended complaint, like its predecessor, was fatally flawed and therefore could not survive a motion to dismiss. (IBEW Reply at 6-15) Indeed, since the second amended complaint would not relate back, many of his claims, if not untimely when originally flied, would be untimely now. Coleman has moved to strike that opposition, arguing that the IBEW's counsel was precluded from making an argument on behalf of Local 1900. In support of that motion, he has also reiterated his arguments for dismissing the IBEW without prejudice and for substituting Local 1900 for the IBEW.

## I.    The Court Should Deny Coleman's Motion to Strike.

Coleman argues that the Court should strike the IBEW's opposition to his motion for leave to amend because the IBEW's counsel filed that opposition "on behalf of Local 1900" but did not file a notice of appearance for Local 1900. (Motion to Strike at 1; Memorandum in Support of Motion to Strike ("Strike Mem.") at 5, 6) The premise of his argument – that the opposition was filed on behalf of Local 1900, rather than on behalf of the IBEW – is simply incorrect. The opposition was filed on behalf of the IBEW, which is a party to this case and which is entitled to be heard on any issue before the Court, including Coleman's attempt to add a new defendant.

As one court explained, "[t]he standing of non-parties to challenge a motion

for leave to file an amended complaint that seeks to add them is, at best, dubious." *Vasquez v. Summit Women's Center, Inc.,* 2001 U.S. Dist. Lexis 25440 at 3 n.1 (D. Conn. 2001). Accordingly, if Coleman were correct, then neither the IBEW nor Local 1900 would be able to oppose his motion to file a second amended complaint, even though the complaint fails to state a cognizable claim. Since an amended complaint that would be futile, because it could not survive a motion to dismiss, should not be filed, *Crist v. Republic of Turkey*, 995 F. Supp. 5, 8 (D.D.C. 1998) (Lamberth, J.), an existing defendant must be able to point out the futility of a proposed amendment. The IBEW acted appropriately by doing so here.

Moreover, Coleman's assumption, that the IBEW has no interest in opposing his motion, is incorrect. The IBEW has a clear and discernable interest in bringing this frivolous litigation to a close. Coleman is, after all, threatening to continue "advancing claims against IBEW in the future." (Motion to Strike at 2) And, although the IBEW and its affiliated local unions are separate and distinct entities, *see, Carr v. Local 1593, IBEW,* 371 F. Supp. 2d 1097, 1105-09 (D.N.D. 2005); *EEOC v. IBEW Local* 998, 2005 U.S. Dist. Lexis 2954 (N.D. Ohio, Feb. 18, 2005), the IBEW has an interest in discouraging frivolous and unnecessary litigation against its affiliated local unions, since such litigation could indirectly affect the IBEW.

## II. The Claims Against the IBEW Should be Dismissed with Prejudice.

In his motion to strike, Coleman repeats his argument that that his claims against the IBEW should be dismissed without prejudice so that he will not be

precluded "'from advancing claims against the IBEW in the future if he determines that it committed unlawful acts during this period." (Motion to Strike at 2)  In its reply brief in support of its motion to dismiss, the IBEW explained that – since Coleman acknowledges that his claims against the IBEW are without merits and since he has no other claims against the IBEW to advance – those claims should be dismissed with prejudice.  (IBEW Reply at 9-16)  The possibility that Coleman might someday discover what he considers to be a meritorious claim against the IBEW does not provide a logical basis for refusing to dismiss these claims with prejudice.

     Coleman now argues that the IBEW's opposition to his request for leave supports his argument for dismissal without prejudice "because it is becoming increasingly apparent that IBEW played a part in the unlawful conduct committed by the Union during this period."  (Motion to Strike at 2; Strike Mem. at 7)  Although the point seems obvious, the IBEW's opposition to Coleman's efforts to continue this litigation against an IBEW-affiliated local union does not provide any basis for Coleman's suggestion that the IBEW somehow played a role in the conduct alleged in the complaint, particularly since Coleman himself acknowledges that "he did not state that the IBEW had committed any unlawful act or that it was liable for acts committed by Local 1900 stated therein."  (Strike Mem. at 5)  The complaint does not state a claim against the IBEW and Coleman has no other claims against the IBEW to state.  His claims against the IBEW should therefore be dismissed with prejudice.

### III. The Court Should Deny Coleman's Motion for Leave to File an Amended Complaint.

An amended complaint that could not survive a motion to dismiss should not be filed. *National Wrestling Coaches Assoc. v. Department of Education*, 366 F.3d 930, 945 (D.C. Cir. 2004); *World Wide Minerals Ltd. v. Republic of Kazakhstan*, 116 F. Supp. 2d 98, 102 (D.D.C. 2000) (Lamberth, J.); *Crist v. Republic of Turkey*, 995 F. Supp. 5, 8 (D.D.C. 1998) (Lamberth, J.). As the IBEW explained in support of its motion to dismiss and in opposition to Coleman's motion for leave to amend, Coleman's first and second amended complaints, identical in substance, are both fatally flawed in several respects. (IBEW Reply at 6-15) Coleman has never addressed any of those flaws, and, as he states in his latest filing, "he has opted not to do so here." (Motion to Strike at 1; Strike Mem. at 6)

Instead of addressing the question whether his second amended complaint states a cognizable claim, Coleman again explains why he decided to sue the IBEW rather than Local 1900. Initially, he placed the blame squarely on the EEOC, for naming the IBEW as a respondent to his charge of discrimination against Local 1900. Now he argues that Local 1900 must share that blame because Local 1900 answered his charge.[1] (Strike Mem. at 6) The actions of the EEOC and Local 1900, he argues, "would have [led] any reasonable person to conclude that IBEW's and Local 1900's affiliation was such that one was authorized to respond on behalf of the

---

[1] In the memorandum in support of its motion to dismiss, the IBEW argued (at pp. 6-7) that Local 1900 was the intended respondent of that charge – something that everyone, other then Coleman, appears to have understood.

other." (Strike Mem. at 4)

That argument is illogical and irrelevant. The fact that Local 1900 answered his charge against Local 1900, which the EEOC mailed to Local 1900, does not explain in any rational way why he chose to sue the IBEW and not Local 1900. Moreover, the issue presented by his motion for leave to amend is not weather he acted reasonably in suing the IBEW rather than Local 1900. The issue is whether the amendment would be futile because the second amended complaint could not withstand a motion to dismiss – an issue that Coleman has carefully and consistently avoided.

The answer to that question could conceivably turn on whether the amendment would relate back, but even that question has nothing to do with the reasonableness of Coleman's error. As the IBEW explained in its opposition to Coleman's motion for leave to amend (IBEW Reply at 7-9), an amendment relates back only if its purpose is to correct the name by which the defendant is identified. An amendment does not relate back where, as here, its purpose is to add a different defendant whose identity the plaintiff was aware of when he filed his suit. *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997); *Sparshott v. Feld Entertainment, Inc.*, 89 F. Supp. 2d 1, 3 (D.D.C. 2000). Accordingly, Coleman's arguments provide no support for his effort to continue this litigation by substituting one defendant for another.

## CONCLUSION

For all the forgoing reasons, the Court should deny Coleman's motion to

strike. For the reasons stated herein and for the reasons stated in the memoranda submitted by the IBEW in support of its motion to dismiss and in opposition to Coleman's motion for leave to amend, the Court should dismiss with prejudice the claims against the IBEW and deny Coleman's motion for leave to amend.

        Respectfully submitted,

        /s/ Robert D. Kurnick
Robert D. Kurnick, D.C. Bar No. 243683
Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
900 Seventh Street, N.W., Suit 1000
Washington, D.C. 20001
(202) 785-9300

Attorney for Defendant International
Brotherhood of Electrical Workers

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this sixth day of March 2006, I have mailed a copy of the foregoing memorandum of points and authorities to:

Elliotte Patrick Coleman
2730 Knox Terrace, S.E.
Washington, D.C. 20020

     /s/ Robert D. Kurnick
     Robert D. Kurnick