UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELLIOTTE PATRICK COLEMAN, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1206 (RCL) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER

In this action initiated *pro se*, plaintiff purports to sue his union under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the Labor Management Relations Act, 29 U.S.C. §§ 141 *et seq.*, the District of Columbia Human Rights Act of 1977, D.C. Code §§ 2-1401.01 *et seq.,* and common law.  Defendant International Brotherhood of Electrical Workers ("IBEW") has moved to dismiss the complaint on the ground that plaintiff has named the wrong defendant.  Plaintiff agrees that he has failed to state a claim against IBEW and seeks leave to amend the complaint to substitute the proper defendant, IBEW Local Union 1900 ("Local 1900").  For the following reasons, the Court will grant defendant's motion to dismiss, grant plaintiff's motion to file a second amended complaint, and direct the court officers to effect service of process upon the newly named defendant.[1]

---

[1] Also pending is plaintiff's motion to strike defendant's opposition to his motion to amend.  In light of this result, the motion will be denied without discussion.

Plaintiff concedes that "he did not state that IBEW had committed any unlawful act or that it was liable for the acts committed by Local 1900." Pl's Opposition to Defendant's Motion to Dismiss [Doc. No. 13] at 1. Rather, he named IBEW only "because he was lead [sic] to believe that IBEW was responsible for responding to the charges on behalf of Local 1900. . . . An examination of the amended complaint clearly demonstrates that Plaintiff never intended on holding IBEW accountable for unlawful acts committed by Local 1900." *Id*. at 1-2. In light of these concessions, the complaint against IBEW will be dismissed with prejudice.

Defendant opposes plaintiff's motion to amend on the ground of futility. It asserts, *inter alia*, that the amended pleading does not relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c); thus, "[m]any of his claims, even if not untimely when first filed, would be untimely now." Def's Reply in Support of Its Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to Amend [Doc. No. 14] at 4. Rule 15(c) provides in relevant part that:

> [a]n amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). Under the "Parties" section of the first amended complaint, plaintiff states that Defendant [IBEW] . . . is a corporation. Local 1900 of the IBEW . . . represented Pepco's bargaining unit employees." First Amended Complaint [Doc. No. 8] ¶ 6. In his opposition, plaintiff provides a reasonable explanation as to why he believed, based on the EEO proceedings, that IBEW was the proper party-defendant. *See* Pl.'s Opp. at 2. Moreover, subsection (2) is satisfied because the claims in the original and amended

complaints are identical. The Court assumes, without deciding for now, that the amended complaint relates back.

Defendant also argues against the merits of the complaint, but even if it is correct, a favorable ruling would not be binding on Local 1900 inasmuch as defendant states that "the IBEW and its affiliated local unions are separate and distinct entities." Def.'s Response in Opposition to Plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for Leave to Amend [Doc. No. 17] at 3. Thus, nothing would prevent plaintiff from simply filing a new action against Local 1900. In addition, dismissal on the merits of the complaint would be unfair because plaintiff reasonably has not responded to IBEW's motion, except as to concede that it is not the proper party-defendant. Accordingly, it is

ORDERED that defendant IBEW's motion to dismiss the complaint [Doc. No. 9] is GRANTED, and the complaint against this defendant is dismissed with prejudice. It is further

ORDERED that plaintiff's motion to file the amended complaint attached thereto [Doc. No. 12] is GRANTED. It is further

ORDERED that the Clerk shall prepare and issue summons to Local 1900 of the International Brotherhood of Electrical Workers and effect service of the summons and the second amended complaint upon the defendant at the address listed therein. It is further

ORDERED that plaintiff's motion to strike defendant's opposition [Doc. No. 16] is DENIED.

SO ORDERED.

                                                  _____s/_____
                                                  Royce C. Lamberth
                                                  United States District Judge

Date: June 2, 2006