UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELLIOTTE PARTICK COLEMAN,          )<br>                                                            )<br>                    Plaintiff,             )<br>                                                            )<br>             v.                                        )<br>                                                            )     Case No. 1:05-CV-1206 (RCL)<br>LOCAL UNION 1900 OF THE       )<br>INTERNATIONAL BROTHERHOOD )<br>OF ELECTRICAL WORKERS,       )<br>                                                            )<br>                    Defendant.          )<br>_____) | |

**MOTION TO DISMISS OF DEFENDANT LOCAL UNION 1900 OF THE
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7 of the Civil Rules of this Court, defendant Local Union 1900 of the International Brotherhood of Electrical Workers ("Local 1900") hereby moves to dismiss the plaintiff's second amended complaint. As demonstrated in the memorandum of points and authorities submitted in support of this motion, the amended complaint fails to state a claim against Local 1900 on which relief can be granted.

The complaint alleges in substance that the plaintiff's employer, the Potomac Electric Power Company ("Pepco"), retaliated against him for engaging in activities protected by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the D.C. Human Rights Act ("DCHRA"), D.C. Code Ann. 2-1401,01 *et seq.,* and that Local 1900 aided and abetted Pepco. The second amended complaint includes claims against Local 1900 for violation of Title VII, violation of the DCHRA, breach of the

duty of fair representation and intentional infliction of emotional distress.

As explained in Local 1900's supporting memorandum, the complaint does not state a claim under Title VII because Title VII does not create a cause of action for aiding and abetting and because the complaint does not include a timely allegation that Local 1900 took any action that could be characterized as materially adverse to a reasonable employee.  The claim under the DCHRA is preempted by both §301 of the Labor Management Relations Act, 29 U.S.C. §185(a), and by the federal duty of fair representation and fails, even under D.C. law, because the complaint does not include a timely allegation that Local 1900 took any action that could be characterized as a violation of the DCHRA.  The fair representation claim is time-barred, with the possible exception of a single allegation that does allege conduct breaching the duty of fair representation.  Finally, the claim for intentional infliction of emotional distress fails because, like the claim under the DCHRA, it is preempted by federal law and because the complaint does not allege that either Pepco or Local 1900 engaged in outrageous conduct.

Pursuant to Rule 7(f) of the Civil Rules of this Court, Local 1900 requests that the Court conduct an oral argument on this motion.

>  /s/ Robert D. Kurnick
> Robert D. Kurnick, D.C. Bar No. 243683
> Sherman, Dunn, Cohen, Leifer & Yellig, P.C.
> 900 Seventh Street, N.W., Suit 1000
> Washington, D.C. 20001
> (202) 785-9300
>
> Attorney for Defendant Local Union 1900 of the
> International Brotherhood of Electrical Workers