UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| ELLIOTTE PATRICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1206 (RCL) |
| | ) | |
| INTERNATIONAL BROTHERHOOD | ) | |
| OF ELECTRICAL WORKERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant Local 1900 of the International Brotherhood of Electrical Workers has moved to dismiss the amended complaint. Plaintiff is representing himself.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In accordance, this Court wishes to advise plaintiff that he must respond to defendant's previously filed motion **within fourteen (14) days of the filing date of this Order**. If

plaintiff does not respond, the Court will treat the motion as conceded and may dismiss the

case.

       SO ORDERED.


                                    _____s/_____
                                      Royce C. Lamberth
                                      United States District Judge

Date: August 10, 2006